IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RIBEIRO,<br><br>    Plaintiff,<br><br>  v.<br><br>RICKENBACKER GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SERVICES LLC,<br><br>    Defendants. | No. C 10-04648 CW<br><br>ORDER REGARDING NOTICE OF DISMISSAL AS TO DEFENDANT EQUIFAX INFORMATION SERVICES LLC AND DENYING AS MOOT DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S MOTION TO DISMISS (Docket No. 12) |

Plaintiff Leonard Ribeiro initiated this lawsuit on October 14, 2010. On November 9, 2010, Defendant Equifax Information Services LLC answered Plaintiff's complaint. On November 17, 2010, Defendant Experian Information Solutions, Inc., moved to dismiss Plaintiff's complaint. Defendant Rickenbacker Group, Inc., has not appeared in this action.

On December 2, 2010, Plaintiff filed an amended complaint. At 10:18 a.m. on December 3, 2010, Plaintiff filed a notice of voluntary dismissal, stating that his claims against all Defendants were dismissed without prejudice. (Docket No. 14.) At 11:56 a.m. that same day, Plaintiff filed another notice of voluntary dismissal, stating that the dismissal of his claims against Experian was with prejudice. (Docket No. 15.)

Federal Rule of Civil Procedure 41(a)(1)(A) affords a plaintiff the absolute right to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a

stipulation of dismissal signed by all parties who have appeared."

Equifax has answered Plaintiff's complaint.  Thus, Plaintiff may not voluntarily dismiss his claims against it without either a stipulation or a court order.  His filing of an amended complaint did not reinstate his right under Rule 41(a)(1) to dismiss his claims against Equifax.  See, e.g., Forties B LLC v. Am. West Satellite, Inc., 2010 WL 2594297, at *2 (S.D.N.Y.) (stating that "the answer to the original complaint terminated plaintiffs' ability to withdraw the action unilaterally as to the answering defendants") (citing Tedeschi v. Barney, 95 F.R.D. 182 (S.D.N.Y. 1982)); Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971).  The Court deems Plaintiff's notice of dismissal concerning Equifax a motion to dismiss without prejudice his claims against it.  Within three days of the date of this Order, Equifax may file an opposition to Plaintiff's motion.  In the alternative, Equifax may file a statement of non-opposition or decline to respond, in which case Plaintiff's claims against it will be dismissed without prejudice.

Neither Rickenbacker nor Experian have answered or filed a motion for summary judgment.  Accordingly, Plaintiff's claims against Rickenbacker are dismissed without prejudice and his claims against Experian are dismissed with prejudice.  The Court DENIES as moot Experian's motion to dismiss.  (Docket No. 12.)

IT IS SO ORDERED.

Dated: 12/16/210

CLAUDIA WILKEN
United States District Judge

2